PICQUET
vs.
DEMITRY.

---

## PICQUET *vs.* DEMITRY

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action against the drawer and endorser of a promissory note, although the drawer may plead the resprite granted him in bar to the suit, this plea has no effect on the liability of the endorsers.

This suit was brought by Louis Joseph Pecquet, the second endorser of the following note, against the first endorser and the drawer *in solido.*

" Nlle.-Orleans, le 13e. Decembre, 1832.

A quatre vingt-dix jours de cette date, je paierai a l'ordre de Monsieur A. Dimitry, mille cinq cents piastres, valeur reçue. (Signed) P. Pandelly. (Endorsed) A. Dimitry; Ls. J. Picquet; F. P. Ducongé."

At maturity the note was duly protested for non-payment, and notice thereof given to the endorsers.

Pandelly pleaded that a respite of one, two and three years, had been granted to him. He added the general denial.

Dimitry pleaded the general denial.

The plaintiff proved the signatures of the drawer and endorser, the protest of the note at maturity, and notice to the endorser.

The drawer offered in evidence the proceedings in the cause of himself *vs.* his creditors, by which it appeared, that on the 23d February, 1833, the judgment of the court was pronounced, homologating the proceedings before the notary, and giving him a respite for the payment of all his debts, of one, two and three years.

Pandelly's plea of respite was sustained, and judgment was rendered against Dimitry for the amount of the note, with legal interest.

Dimitry appealed.

MATHEWS, J., delivered the opinion of the court.

This suit was brought by the holder of a negotiable note, against the maker and endorser, and claimed judgment *in solido,* &c. The maker of the note pleaded a respite obtained from his creditors, in abatement of the plaintiff's action. This plea was sustained by the court below, and judgment rendered against the endorser alone, from which he appealed.

The cause was argued *ex parte* by the plaintiff's counsel

16

before this court, solely in relation to the correctness of the judgment, as rendered against the appellant, consequently the steps taken by the District Court, touching the interest of the maker of the note, are not now to be investigated.

In the points filed, ten per cent. as damages are claimed by the appellee, on the ground that the appeal is frivolous, and was taken for delay alone. It appears, from the evidence of the case, that all measures required by commercial law, to charge the endorser, were pursued by the holder of the note, and he having thus been absolutely indebted to the latter, both jointly and severally, with the maker, the respite pleaded as above stated, could not legally alter his situation as an unconditional debtor to the plaintiff.

In an action against the drawer and endorser of a promissory note, although the drawer may plead the respite granted him in bar to the suit, this plea has no effect on the liability of the endorser.

If the indulgence granted to the maker of the note, could have any influence on the situation of the appellant, it might properly be offered as an additional reason reason why he should be compelled to make immediate payment, the creditors having lost his rcourse, at least for a time, according to the opinion of the District Court, against one of his debtors *in solido.*

We are of opinion, that ten per cent. damages should be allowed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with ten per cent. damages on the amount thereof, and costs in both courts.

*Grymes,* for defendant and appellant.

*Denis,* for appellee.